

faegredrinker.com

**John P. Mitchell**
Counsel
john.mitchell@faegredrinker.com
609-716-6586 direct

**Faegre Drinker Biddle & Reath** LLP
105 College Road East
P.O. Box 627
Princeton, New Jersey 08542
+1 609 716 6500 main
+1 609 799 7000 fax

February 5, 2021

**Via E-File and E-Mail**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     **John M. Fife v. Financial Industry Regulatory Authority**
        **Civil Action No. 1:20-cv-10716-AT**

Dear Judge Torres,

        I write on behalf of defendant Financial Industry Regulatory Authority ("FINRA") to notify the Court that, after exchanging letters with plaintiff's counsel pursuant to the procedures outlined in your Individual Practices related to the filing of a motion to dismiss, FINRA still wishes to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In the single-count Complaint, Mr. Fife seeks a declaratory judgment nullifying a sanction imposed by FINRA in 2012 pursuant to regulatory duties delegated to it under the Securities Exchange Act of 1934.  The Complaint, however, suffers from at least three fatal and incurable defects – (1) lack of subject matter jurisdiction; (2) FINRA's immunity from suit for its regulatory actions; and (3) failure to state a claim for relief under the Exchange Act.

        FINRA is a private, not-for-profit Delaware corporation and self-regulatory organization ("SRO") registered with the SEC as a national securities association pursuant to the Maloney Act of 1938, 15 U.S.C. § 78o-3, *et seq.*, amending the Exchange Act.  As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the securities markets.  *See* 15 U.S.C. §§ 78q, 78s; *Desiderio*, 191 F.3d at 201; *see also PennMont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir. 2009), *cert. denied*, 559 U.S. 972 (2010).  The Exchange Act requires FINRA to establish rules "designed to prevent fraudulent and manipulative acts and practices, to promote just and equitable principles of trade . . . and, in general, to protect investors and the public interest . . . ."  15 U.S.C. § 78o-3(b)(6).  FINRA is also required by the Exchange Act to "enforce compliance by its members **and persons associated with its members**," and to "appropriately discipline[]" such persons for violations of FINRA's rules or the Exchange Act.  *Id.* § 78o-3(b)(2), (7) (emphasis added).

        In 2011, FINRA commenced an investigation of Gordon & Co. ("Gordon"), a FINRA member firm.  Based upon its investigation, FINRA determined that Mr. Fife, a person who was statutorily disqualified from registering with FINRA, was associated with and acting as an unregistered principal for Gordon.  Salke Letter of Acceptance, Waiver and Consent ("Salke AWC")

at 2-3.[1] FINRA Rule 8210 authorizes FINRA to "require a member, person associated with a member, or any other person subject to FINRA's jurisdiction to provide information…and to testify." Because FINRA had determined Mr. Fife was a person associated with Gordon, FINRA sent Rule 8210 letters seeking Mr. Fife's testimony as part of its investigation. Mr. Fife acknowledges that he received the Rule 8210 letters that FINRA issued requiring his testimony, and that he "rejected" FINRA's request and "refused to testify." Compl. ¶¶ 10, 13, 86. He was aware at that time that "FINRA would purport to suspend and bar" him. *Id.* ¶ 92. As a result of Mr. Fife's failure to provide testimony, after providing him notice and an opportunity to be heard, FINRA sanctioned Mr. Fife by issuing an industry bar in April 2012. *Id.* ¶¶ 15, 96-98. Although Mr. Fife was aware of the Rule 8210 request and FINRA's intent to take disciplinary action, he elected "not to challenge FINRA's Rule 8210 request, Suspension, or Bar" at the time they were issued. *Id.* ¶ 16; *see also id.* ¶¶ 13-16, 21, 97.

A court may only issue a declaration "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. It is well-settled, in this Court and elsewhere, that "district courts lack jurisdiction to hear post-enforcement challenges seeking declaratory and injunctive relief related to disciplinary proceedings" under the Exchange Act because "such challenges must proceed[] in accordance with the statutory scheme." *Altman v. Securities and Exchange Commission,* 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) (citing *Barbara v. New York Stock Exchange, Inc.,* 99 F.3d 49, 57 (2d Cir. 1996)). Under the Exchange Act, persons aggrieved by a final order in a FINRA disciplinary action must first seek review by the SEC, and then, if still dissatisfied, seek review of the SEC's decision before a United States Court of Appeals. 15 U.S.C. §§ 78s, 78y. Courts have repeatedly and consistently held that the comprehensive and exclusive review process established by the Exchange Act deprives federal district courts of subject-matter jurisdiction over claims that would interfere with FINRA or SEC disciplinary proceedings. *See, e.g., Scottsdale Capital Advisors Corp. v. FINRA,* 811 F. App'x. 667, 667 (D.C. Cir. 2020); *Scottsdale Capital Advisors, Inc. v. FINRA,* 844 F.3d 414, 419, 424 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1838 (2017); *Hill v. SEC,* 825 F.3d 1236, 1241 (11th Cir. 2016); *Tilton v. SEC,* 824 F.3d 276, 282 (2d Cir. 2016); *Bebo v. SEC,* 799 F.3d 765, 767 (7th Cir. 2015), *cert. denied,* 136 S. Ct. 1500 (2016); *Swirsky v. NASD,* 124 F.3d 59, 62 (1st Cir. 1997); *SEC v. Waco Financial,* 751 F.2d 831, 834 (6th Cir.), *cert. denied,* 474 U.S. 818 (1985); *Merrill Lynch, Pierce, Fenner & Smith v. NASD,* 616 F.2d 1363, 1370 (5th Cir. 1980); *First Jersey Sec., Inc. v. Bergen,* 605 F.2d 690, 700 (3d Cir. 1979), *cert. denied,* 444 U.S. 1074 (1980); *Hayden v. N.Y. Stock Exch., Inc.,* 4 F. Supp. 2d 335, 340 (S.D.N.Y. 1998).

Mr. Fife failed to pursue his available administrative remedies in 2012 when FINRA imposed its sanction of an industry bar, and then again, he took no action in 2013 when the SEC promulgated its so-called "bad actor" rule. Compl. ¶¶ 13-16, 21, 97. Mr. Fife's failures to exhaust his administrative remedies are fatal to his claim. *First Jersey Sec.,* 605 F.2d at 695 (plaintiff's failure to exhaust administrative remedies stripped the district court of jurisdiction to hear the case); *Standard Inv. Chartered, Inc. v. NASD,* 2007 U.S. Dist. LEXIS 32566, at *7 (S.D.N.Y. May 2, 2007); *Datek Sec. Corp. v. NASD,* 875 F. Supp. 230, 233-35 (S.D.N.Y. 1995) (dismissing complaint against FINRA where plaintiffs failed to exhaust administrative remedies regarding alleged violations of FINRA rules). Moreover, Mr. Fife's disagreement with FINRA's determination that he was an associated person required to provide testimony pursuant to FINRA Rule 8210 (Compl. ¶¶ 7, 13, 85), did not relieve him of the requirement to exhaust his administrative remedies. The requirement that a litigant pursue all available administrative remedies before seeking judicial relief is "jurisdictional, non-discretionary, and non-waivable." *Loftus v. FINRA,* 2021 WL 325773 (S.D.N.Y. Feb. 1,

---

[1]      The Salke AWC is publicly available at *https://www.finra.org/sites/default/files/fda_documents/2011029203702_FDA_TP41307%20%282019-156283315719%29.pdf.*

The Honorable Analisa Torres                    -3-                    February 5, 2021

2021)(Stein, J.) (citing *Touche Ross & Co. v. SEC,* 609 F.2d 570, 574 (2d Cir. 1979) and *Bastek v. FDIC*, 145 F.3d 90, 94 (2d Cir. 1998)).  The exhaustion doctrine is particularly important in a case, like this one, where the plaintiff alleges that FINRA exceeded its authority. *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992) (requiring exhaustion permits the creation of a record that would permit agency review and affords an agency the opportunity to correct any alleged mistake). Accordingly, this Court lacks subject matter jurisdiction in this case, and because the underlying facts regarding Mr. Fife's failure to exhaust his administrative remedies are undisputed, this defect could not be cured in an Amended Complaint.

In addition to the lack of jurisdiction, Mr. Fife cannot obtain declaratory relief because FINRA is immune from suit.  Mr. Fife concedes that FINRA's effort to take his testimony was part of its investigation of a FINRA member firm.  Compl. ¶ 10. In this Circuit, as in others, an SRO such as FINRA is "immune from liability for claims arising out of the discharge of its duties under the Exchange Act." *See, e.g., D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 105 (2d Cir. 2001), *cert. denied*, 534 U.S. 1066 (2001) (SRO is "immune from liability for claims arising out of the discharge of its duties under the Exchange Act"); *Barbara*, 99 F.3d at 59 ("[A]llowing suits against the [SRO] arising out of the [SRO's] disciplinary functions would clearly stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress, namely, to encourage forceful self-regulation of the securities industry"); *Scher v. NASD*, 386 F. Supp. 2d 402, 406 (S.D.N.Y. 2005), *aff'd,* 2007 U.S. App. LEXIS 4692 (2d Cir. 2007) (dismissing complaint against NASD and related entities because action barred by absolute immunity granted to NASD "for conduct falling within the scope of the [NASD's] regulatory and oversight functions").  Even if Mr. Fife's assertion that FINRA did not have jurisdiction over him were true (which it is not), FINRA's decision to bar him after he ignored the Rule 8210 letters requiring his testimony falls squarely within FINRA's core regulatory functions and FINRA's immunity precludes this suit. *In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 114 (D.C. Cir. 2008) (FINRA's immunity extends to "the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC.").  While many of the cases that address FINRA's immunity relate to claims for money damages, FINRA's absolute immunity has also been recognized as a basis to dismiss claims for declaratory or injunctive relief.  *See Cashmore v. FINRA*, 2020 WL 6566302, at *5-6 (W.D.N.Y. Nov. 9, 2020) ("FINRA's absolute immunity is not restricted by the type of claims asserted against it…. [Absolute] immunity also covers declaratory or injunctive relief."); *Buscetto v. FINRA*, 2012 WL 1623874, at *4 n.4 (D.N.J. May 9, 2012) ("Dismissal of Plaintiff's complaint [seeking non-monetary relief] is also warranted because FINRA is entitled to immunity from this action, as it arises from FINRA's exercise of its regulatory functions.") (citing cases).

Finally, Mr. Fife alleges that his claim arises under the Exchange Act. Compl. ¶ 36. But neither the Exchange Act nor any other statute provides for a cause of action against an SRO, like FINRA, for acts or omissions in connection with its duties as a securities regulator. To the contrary, courts have consistently held that no private cause of action exists against an SRO, including FINRA, for its regulatory actions or omissions. *See, e.g., Desiderio v. NASD*, 191 F.3d 198, 208 (2d Cir. 1999), *cert. denied,* 531 U.S. 1069 (2001) ("[T]here is no private right of action available under the Securities Exchange Act . . . to challenge an exchange's failure to follow its own rules."); *Spicer v. Chicago Bd. of Options Exch., Inc.*, 977 F.2d 255, 260 (7th Cir. 1992) (declining to find an implied private right of action under the Exchange Act); *Empire Fin. Grp. v. Fin. Indus. Regulatory Auth., Inc.*, 2009 U.S. Dist. LEXIS 133643, at *20-22 (S.D. Fla. Jan. 15, 2009) (courts have consistently refused to find an implied private right of action against SROs for actions or omissions under the Exchange Act). In this case, Mr. Fife seeks declaratory relief based on his allegation that FINRA exceeded its statutory authority when it sanctioned him in 2012.  Compl. ¶ 27.  FINRA's decision to sanction Mr. Fife for his failure to respond to the Rule 8210 letters was a regulatory act.  Accordingly, because the

The Honorable Analisa Torres                    -4-                    February 5, 2021

Exchange Act does not create a private right of action against FINRA for alleged violations of its own rules or of the Exchange Act, the Complaint must be dismissed for failure to state a claim.

For these reasons, FINRA wishes to file a motion to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and it requests that the Court set a briefing schedule.

Respectfully,

*/s/ John P. Mitchell*

John P. Mitchell
Counsel

JPM/vam

cc:     Martin H. Kaplan, Esq.
        Kari Parks, Esq.