# GUSRAE KAPLAN NUSBAUM PLLC
### ATTORNEYS AT LAW

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
RYAN J. WHALEN

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005
———
TEL (212)269-1400
FAX (212)809-4147
———
www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY
HOWARD F. MULLIGAN

February 12, 2021

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 15D
500 Pearl Street
New York, New York 10007-1312

      RE: <u>Fife v. Financial Industry Regulatory Authority</u>, No. 1:20-cv-10716-AT (S.D.N.Y.)

Dear Judge Torres:

      We represent Plaintiff John M. Fife in the above-captioned matter and write in response to Defendant Financial Industry Regulatory Authority's ("**FINRA**") pre-motion to dismiss letter. <u>See</u> Dkt. 9 (Feb. 5, 2021) (the "**Letter**").

### The Complaint's Allegations

      FINRA is a self-regulatory organization ("**SRO**") registered with the Securities and Exchange Commission (the "**SEC**") pursuant to the Maloney Act of 1938 and Securities Exchange Act of 1934 (the "**Exchange Act**") and "is responsible for conducting investigations and commencing disciplinary proceedings against FINRA member firms and their associated member representatives relating to compliance with the federal securities law and regulations." <u>Fiero v. Fin. Industry Reg. Authority, Inc.</u>, 660 F.3d 569, 571 (2d Cir. 2011). Accordingly, "FINRA has the power to initiate a disciplinary proceeding against any FINRA member or associated person for violating any FINRA Rule, SEC regulation, or statutory provision." <u>Id.</u> at 572 (citing 15 U.S.C. § 78s(h)(3)).

      The Complaint alleges that FINRA violated the Exchange Act when it purported to subject Mr. Fife—who had never been a FINRA member or associated person—to its disciplinary process and then suspend and bar him for failing to participate in that process. Dkt. 1 ¶¶ 7–17, 80–98, 113–18 (the "**Complaint**"). Because FINRA's extra-jurisdictional disciplinary sanctions now carry new, practical consequences for Mr. Fife, his Complaint

Gusrae Kaplan Nusbaum PLLC

The Honorable Analisa Torres
February 12, 2021
Page 2

requests that the Court issue declaratory judgment that FINRA's suspension and bar of him are invalid because they exceeded FINRA's statutory authority. Id. ¶¶ 111–19.

**Argument**

The Second Circuit has held that private parties alleging that FINRA exceeded its statutory authority may sue FINRA for declaratory judgment in district court. See Fiero, 660 F.3d at 579–80 (2d Cir. 2011) (reversing dismissal of plaintiffs' complaint for declaratory judgment and vacating money judgment on FINRA's counterclaim).

Despite Fiero's unequivocal guidance, here, FINRA argues that three separate reasons justify dismissal: (1) FINRA is immune from suit; (2) the Exchange Act does not provide for a cause of action against FINRA; and (3) Mr. Fife did not exhaust his administrative remedies. See Letter at 1.

As a threshold matter, not a single one of the cases relied upon by FINRA suggests that FINRA may exercise disciplinary jurisdiction over a private citizen who has never been a member or associated person of the self-regulatory organization—nor that such a person must consent to FINRA's jurisdiction and appear before FINRA just to argue that FINRA cannot demand his appearance or discipline him. See generally id.

Regardless, it simply is not true that FINRA is wholly immune from suit. See Letter at 3. While FINRA may be entitled to "absolute immunity from private **damages** suits in connection with the discharge of [its] regulatory responsibilities," this absolute immunity "does not shield FINRA from actions for non-monetary relief," such as the declaratory judgment sought by Mr. Fife. Xu v. Fin. Industry Reg. Authority, Inc., 503 F. App'x 7, 8–9 (2d Cir. 2012) (emphasis added); accord Fiero, 660 F.3d at 579–80.

Even sovereign and judicial immunity do not prohibit suits for declaratory judgment. See, e.g., Adler v. Pataki, 185 F.3d 35, 48 (2d Cir. 1999) ("Qualified immunity shields the defendants only from claims for money damages and does not bar actions for declaratory or injunctive relief."); Allen v. Coughlin, 64 F.3d 77, 81 (2d Cir. 1995) ("The doctrine of qualified immunity protects government officials from liability for money damages [ . . . ] It does not bar declaratory and injunctive relief, however."); Shtrauch v. Dowd, 651 F. App'x 72, 73 (2d Cir. 2016) ("[J]udicial immunity [from money damages] does not bar a claim for prospective injunctive and declaratory relief."). The two unpublished district court cases upon which FINRA relies do not trump this black-letter law. See Letter at 3 (citing Cashmore v. Fin. Industry Reg. Authority, Inc., 18-CV-1198S, 2020 WL 6566302, at *5–6 (W.D.N.Y. Nov. 9, 2020); Buscetto v. FINRA, 2012 WL 1623874, at *4 n.4 (D.N.J. May 9, 2012)).

G㜎sʀᴀᴇ Kᴀᴘʟᴀɴ N㜎sʙᴀ㜎ᴍ PLLC

The Honorable Analisa Torres
February 12, 2021
Page 3

FINRA again invokes irrelevant precedent to argue that "no private cause of action exists against an SRO," relying solely on cases involving common law claims for money damages. See Letter at 3 (citing Desiderio v. NASD, 191 F.3d 198, 208 (2d Cir. 1999), cert. denied, 531 U.S. 1069 (2001); Spicer v. Chicago Bd. of Options Exch., Inc., 977 F.2d 255, 260 (7th Cir. 1992); Empire Fin. Grp. v. Fin. Industry Reg. Authority, Inc., No. 08-80534-CIV-RYSKAMP/VITUNAC, 2009 WL 10644856, 2009 U.S. Dist. LEXIS 133643, at *20–22 (S.D. Fla. Jan. 15, 2009)). In Desiderio, the Second Circuit held that the plaintiff had no private right of action to bring "state law tort claims" for compensatory damages. 191 F.3d at 200, 208. The Spencer plaintiffs sued for money damages in connection with the Black Monday crash—and the Seventh Circuit expressly "decline[d] to announce a categorical rule regarding all potential private actions under [the Exchange Act]." 977 F.2d at 256. And in Empire, the plaintiffs sued for tortious interference with business relationships and breach of contract. 2009 WL 1064486, at *2.

Unlike in FINRA's cases, here, Mr. Fife is not lodging tort claims for money or other affirmative relief from FINRA; he simply seeks declaratory judgment that FINRA's suspension and bar are invalid because their imposition exceeded FINRA's jurisdiction. See Compl. ¶ 111–19. Instead, Mr. Fife's Complaint is on all fours with Fiero, in which the Second Circuit reversed and remanded the district court's dismissal of the plaintiffs' complaint, which sought declaratory judgment that the Exchange Act prohibited FINRA from using the federal courts to collect disciplinary fines. 660 F.3d at 579–80.

Finally, the exhaustion-of-remedies doctrine, which is "subject to numerous exceptions," does not preclude Mr. Fife's Complaint. See Santos-Buch v. Fin. Industry Reg. Authority, Inc., 32 F. Supp. 3d 475, 482 (S.D.N.Y. 2014) (citing McKart v. United States, 395 U.S. 185, 193 (1969)). Because Mr. Fife has never consented to FINRA's disciplinary jurisdiction, forcing him to participate in that process to defend himself would, in and of itself, "provide [him] no genuine opportunity for adequate relief." See Santos-Buch, 32 F. Supp. 3d at 482 (citing Guitard v. U.S. Secretary of Navy, 967 F.2d 737, 741 (2d Cir. 1992)).

The Exchange Act may create a "comprehensive and exclusive review process" of FINRA disciplinary proceedings, Letter at 2, but the Exchange Act does not authorize FINRA to discipline people unless they are associated persons of FINRA members. See generally 15 U.S.C. §78s(g)(1); cf. Doscher v. Sea Port Grp. Sec., LLC, 832 F.3d 372, 376–77 (2d Cir. 2016) ("[T]he Exchange Act imposes no duty to comply with FINRA rules either on the arbitrators or non-SRO parties to arbitration"); Barbara v. New York Stock Exch. Inc., 99 F.3d 49, 51 (2d Cir. 1996) ("As an SRO, the NASD is, like other SROs such as the New York Stock Exchange, authorized by Congress to promulgate and enforce rules governing the conduct of its **members**.") (quotation marks omitted and emphasis added). Because FINRA's bar and

GUSRAE KAPLAN NUSBAUM PLLC

The Honorable Analisa Torres
February 12, 2021
Page 4

suspension exceeded its statutory authority, at least two separate lines of case law justify hearing Mr. Fife's Complaint in this district court. See Free Enterprise Fund v. Publ. Company Acct. Oversight Board, 561 U.S. 477 (2010); Leedom v. Kyne, 358 U.S. 184 (1958).

Regardless of framework, the central issue is that because Mr. Fife has never been a FINRA associated person, FINRA's extra-statutory exercise of disciplinary jurisdiction—regardless of the end result—renders exhaustion inapplicable. Touche Ross Co. v. Sec. and Exchange Commission, 609 F.2d 570, 577 (2d Cir. 1979) (holding that district court may hear plaintiff's complaint that the Exchange Act did not grant the SEC the authority to enact disciplinary rules regarding the attorneys that practice before it); see also Fiero, 660 F.3d at 569 (exercising said jurisdiction).

Just as FINRA arbitration is a creature of contract, so, too, is FINRA's disciplinary process only lawful where the disciplined persons have agreed to FINRA's jurisdiction by becoming principals, registered representatives, or other professionals associated with FINRA-registered brokers and dealers. Therefore, while FINRA may have the right to move to dismiss Mr. Fife's Complaint, we respectfully suggest that the Court should eliminate FINRA's meritless immunity and private right of action arguments to focus the Parties on the at least arguably debatable exhaustion issue.

                                  Respectfully submitted,

                                  /s/ Martin H. Kaplan
                                  Martin H. Kaplan

cc: All Counsel of Record (via ECF)