USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/30/2021_

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN M. FIFE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FINANCIAL INDUSTRY REGULATORY )<br>AUTHORITY, )<br>)<br>Defendant. ) | Civil Action No.: 1:20-CV-10716 (AT) |

## STIPULATED PROTECTIVE ORDER

WHEREFORE, Defendant Financial Industry Regulatory Authority (hereinafter "FINRA") and Plaintiff John M. Fife ("Plaintiff" and, together with FINRA, the "Parties"), anticipate that the Parties may produce for discovery and inspection documents that are confidential, including documents or other information that may contain personal confidential information, proprietary information, and other sensitive financial or business information ("Confidential Information"). Accordingly, it is hereby stipulated and agreed, by and between the respective Parties hereto and their counsel, that the following provisions will apply to such documents designated by the Parties as subject to this Protective Order:

1. The documents will be stamped or otherwise marked "Confidential," or will contain a similar designation to identify the documents to which this Protective Order applies. Testimony and other information based upon documents so designated shall be considered protected and subject to this Protective Order.

2. Confidential Information shall be used only for the purpose of prosecuting or defending this action. In connection with such use, the Confidential Information may be shown to the Parties, including current or former employees for purposes of prosecuting or defending this

action, counsel representing the Parties in this action and their staffs, experts retained by and assisting counsel in connection with this action, court reporters in connection with the taking of depositions, and to the Court and its staff. Any Parties, counsel, experts, court reporters or other persons to which Confidential Information is provided pursuant to this Paragraph shall agree that all Confidential Information designated as such under this Protective Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Protective Order. Nothing herein shall preclude the Parties from mutually agreeing to show Confidential Information to fact witness(es) not otherwise specified herein. In the event that such consent is alleged to have been withheld without good cause, any Party may seek an order from the Court upon a showing of good cause that Confidential Information should be shown to such fact witness(es).

3. The Confidential Information, and information contained therein, may not be further disseminated to any person or entity.

4. Any Party disclosing Confidential Information to any other person or entity pursuant to Paragraph 2 above shall first advise the person or entity to which the Confidential Information is being provided that the disclosure is subject to this Protective Order and such person or firm must agree in writing to comply with this Protective Order except to the extent shown to any non-Party witness at a deposition.

5. The Protective Order does not contemplate the production of privileged or otherwise protected information.  The production of documents by any Party pursuant to the Protective Order shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

6.The inadvertent and/or unintentional failure to designate discovery material as Confidential Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such discovery material will be subject to the protections of this Protective Order. Designation of information or documents as Confidential Information or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law.

7.If the receiving Party reasonably believes that Confidential Information or privileged or otherwise protected information has been inadvertently disclosed or produced to it, it shall promptly notify the producing Party and sequester such information until instructions as to disposition are received. The receiving Party shall promptly comply with any such instructions. The failure of any Party to provide notice or instructions under this paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Party would be entitled in the litigation or any other federal or state proceeding.

8.At any time during the pendency of this litigation, any Party may request that specific documents be removed from the protection of this Protective Order. Such request shall be made in writing to counsel for the producing Party, and must contain (a) a listing of the specific documents or other things that the requesting Party seeks to remove from the protection of this Protective Order, and (b) the basis of the request. If the Parties are unable to resolve the issue through negotiation, within thirty (30) days of the receipt of any such request, the requesting Party may file with the Court an appropriate motion to seek a judicial determination of the protected

status of any document(s) at issue. If such a motion is filed, the document(s) at issue shall remain subject to this Protective Order until such time as the Court orders otherwise.

9. Any notes, lists, memoranda, indices, or compilations prepared based wholly or in part upon examination of Confidential Information produced subject to this Protective Order shall not be disseminated to persons other than those who are identified in Paragraph 2 of this Protective Order.

10. To the extent that Confidential Information or the information contained therein is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order. Any transcript pages of deposition testimony and/or trial testimony referring to the Confidential Information shall be marked "Subject to Protective Order."

11. During the trial of this case, or at any motion hearing in this case, any Party seeking to introduce into evidence Confidential Information or to present information contained therein in support of or opposition to a motion, the Party must confer with the producing Party as required by paragraph 8. If the parties do not agree to lifting confidentiality (or redaction of Confidential Information contained within the document), the Party seeking to introduce the Confidential Information or to present information contained therein shall file any such documents under seal and request the Court to seal any transcript and otherwise protect against the dissemination of such documents to those not involved in the trial, or file a motion with regard to the confidentiality designation.

12. Upon the termination of this litigation, Confidential Information produced subject to this Protective Order, and any copies, shall be returned to counsel for the producing Party. In the alternative, a letter may be provided to counsel for the producing Party certifying that the Confidential Information, and any copies, have been destroyed. In the event that Confidential

Information is provided to a third-party person or entity pursuant to Paragraph 2 above, the Party making the disclosure pursuant to Paragraph 2 above shall obtain any such Confidential Information and return or destroy it in accordance with this Paragraph. If any person or entity to which Confidential Information is provide pursuant to Paragraph 2 above retains copies of Confidential Information in violation of this Protective Order, the Party making the disclosure pursuant to Paragraph 2 above shall provide counsel for the producing Party with the name and address of all such persons or firms.

13. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the Parties, their attorneys, and experts for the enforcement of the provisions of this Protective Order.

SO ORDERED.

Dated: April 30, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge

ACTIVE.126869883.02