UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOHN M. FIFE,

                Plaintiff,

-against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/29/2022_

20 Civ. 10716 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    In this action, Plaintiff, John M. Fife, seeks a judgment declaring null and void Defendant, the Financial Industry Regulatory Authority, Inc.'s ("FINRA"), disciplinary action against him. *See generally* Compl., ECF No. 1. Defendant moves to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def. Mot., ECF No. 22. For the reasons stated below, Defendant's motion is GRANTED and the case is DISMISSED without prejudice.

### BACKGROUND[1]

    In 2011, Fife became a customer of Gordon & Co. ("Gordon"), a broker-dealer registered with FINRA. Compl. ¶¶ 65, 67, 70. Over time, he opened "multiple customer accounts with Gordon," *id.* ¶ 72, and became "one of Gordon's two primary customers," *id.* ¶ 79. Further, a family trust associated with Fife invested in Gordon, becoming a 12.5% holder of Gordon's non-voting Class B shares. *Id.* ¶¶ 72–73.

    On October 18, 2011, FINRA sent Fife and his wife[2] a request to give testimony in an ongoing investigation of Gordon. *Id.* ¶ 86. Fife was aware that FINRA could suspend or bar him for failing to comply with the request, however, he "had no reason to expect that either sanction would

---

[1] The facts are drawn from the complaint and presumed to be true. *See Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).
[2] Although the complaint discusses Mrs. Fife alongside her husband, it does not give her name, name her as a plaintiff, or seek relief on her behalf. *See generally* Compl.

have any practical effect on [his] li[fe], businesses, or investments." *Id.* ¶ 92. Fife's counsel advised "that FINRA lacked jurisdiction to compel [his] testimony or discipline [him]." *Id.* ¶ 91. Fife decided not to testify. *See id.* ¶¶ 14, 119.

On January 3, 2012, FINRA issued notices of suspension to both Fife and his wife. *Id.* ¶ 95. The notices informed them that FINRA would "suspend [them] from associating with any FINRA member in any capacity because [they] failed to provide information to FINRA." *Id.* (alterations in original). FINRA gave Fife and his wife three months to "request termination of the suspension" and warned that they would "automatically be barred on April 6, 2012 from associating with any FINRA member in any capacity." *Id.* ¶ 96. They "did not respond to the notice[s] or otherwise challenge the [s]uspension." *Id.* ¶ 97. On April 6, 2012, Fife and his wife were notified that they were barred pursuant to FINRA Rule 9552(h). *Id.* ¶ 98. Again, they did not challenge the bar because "it simply was not worth the time, energy, and expense." *Id.* ¶ 18.

For years, the bar did not impact Fife or his businesses. *See id.* ¶¶ 21–22, 26, 100. In September 2013, the Securities and Exchange Commission ("SEC") changed its regulations to create "new consequences for those barred by FINRA." *Id.* ¶¶ 20, 100. Fife continued to believe that he had not suffered adverse consequences from the FINRA bar. *Id.* ¶¶ 22, 100. Then, in September 2020, the SEC filed a civil action against Fife, alleging that he had violated Exchange Act § 15(a)(1) and that he is a "recidivist violator of the federal securities laws," invoking the FINRA bar as an example. *Id.* ¶¶ 23–25, 103, 106–08. In this action, Fife seeks a "judgment nullifying the FINRA [s]uspension and [b]ar." *Id.* ¶ 110.

## ANALYSIS

FINRA moves to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def. Mot. The Second Circuit has instructed courts to "consider the Rule 12(b)(1) challenge first since 'if [the Court] must dismiss the complaint for lack of subject matter jurisdiction,

2

the [defendant's] defenses and objections become moot and do not need to be determined.'" *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019) (quoting *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)). The Court finds it lacks subject matter jurisdiction, and therefore, does not consider the arguments under Rule 12(b)(6).

I. Legal Standard

A federal court must ensure it has subject matter jurisdiction. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107–08 (2d Cir. 1997); *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.* (citation omitted).

II. Application

FINRA contends that because Fife did not exhaust his administrative remedies, the Court lacks subject matter jurisdiction. Def. Mem. at 6–9, ECF No. 22-1. Plaintiff argues that exhaustion was not required, Pl. Mem. at 12–16, ECF No. 26, and if it was, there was good reason for Fife not to exhaust the administrative remedies available to him, *id.* at 27–29. Plaintiff further contends that Defendant's arguments related to subject matter jurisdiction are foreclosed by *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010). Pl. Mem. at 12, 14. The Court need not reach the issue of exhaustion.

The statute at issue in this case permits judicial review, and provides that an adversely-affected person, after exhausting administrative remedies, including an appeal to the SEC, 15 U.S.C. § 78s(d)(2), "may obtain review" of a FINRA disciplinary order "in the United States Court of

3

Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia." 15 U.S.C. § 78y(a)(1); *see also North v. Smarsh*, 160 F. Supp. 3d 63, 83 (D.D.C. 2015). The appeal must be taken within sixty days of the final order. 15 U.S.C. § 78y(a)(1). Although the use of "may" might seem to imply that district courts also have jurisdiction, it is the law of this Circuit that clauses containing "a specific statutory grant of jurisdiction to the court of appeals . . . should be construed in favor of review by the court of appeals." *Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 193 (2d Cir. 2004) (collecting cases); *see also Altman v. SEC*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011), *aff'd*, 687 F.3d 44 (2d Cir. 2012). Under § 78y of the Exchange Act, "district courts lack jurisdiction to hear post-enforcement challenges seeking declaratory and injunctive relief related to disciplinary proceedings—such challenges must proceed[] in accordance with the statutory scheme." *Altman*, 768 F. Supp. 2d at 558. *Free Enterprise Fund* does not command a different result. *See id.* at 559–62. Therefore, even assuming, *arguendo*, that Fife is excused from exhausting the administrative remedies, this Court lacks subject matter jurisdiction over this action.[3]

## CONCLUSION

Accordingly, Defendant's motion to dismiss is GRANTED and this case is DISMISSED without prejudice. The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 29, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] The Court need not reach the timing of the filing of this action, which is years past the sixty-day appeal window. *See* 15 U.S.C. § 78y(a)(1). It also need not address that even if filing this action in a district court was permissible, which it is not, this would be an improper forum as Fife does not reside in this district, Compl. ¶ 28, nor does he allege that his principal place of business is in this district, *see generally id.*, and this is not the district court for the District of Columbia. *See* 15 U.S.C. § 78y(a)(1).